JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GALIB MIRZA**, | Case No. 2:23-cv-02141-HDV (AGRx) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT SHELTER MUTUAL INSURANCE COMPANY'S MOTION TO DISMISS COMPLAINT [DKT. NO. 15], AND *SUA SPONTE* TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF ARKANSAS** |
| **SHELTER MUTUAL INSURANCE COMPANY; AND DOES 1 TO 10, INCLUSIVE,** | |
| Defendants. | |

1     I.     **INTRODUCTION**

2            Before the Court is a Motion to Dismiss Complaint based on Improper Venue (the "Motion")

3     filed by Defendant Shelter Mutual Insurance Company ("Shelter") on April 27, 2023 [Dkt. No. 15].

4     Shelter Mutual contends that venue is improper based on the forum selection clause contained in the

5     insurance policy at issue, and that Plaintiff Galib Mirza's ("Mirza") complaint should be dismissed

6     pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(3).  Motion at 2.  Plaintiff filed an

7     Opposition ("Opp.") on May 11, 2023 [Dkt. No. 22].  Defendant filed its reply ("Reply") on May 15,

8     2023 [Dkt. No. 23].  The Court held oral argument on the Motion on August 31, 2023, and took the

9     matter under submission.

10           For the reasons discussed below, the Court **DENIES** the Motion and *sua sponte*

11    **TRANSFERS** this action to the United States District Court, Eastern District of Arkansas.

12    II.    **BACKGROUND**

13           Plaintiff initiated his lawsuit by filing a complaint in California state court in Los Angeles

14    County on December 21, 2022, asserting claims of breach of contract and breach of the implied

15    covenant of good faith and fair dealing ("Complaint") [Dkt. No. 1-4].  Complaint at 4–6.

16           The allegations in the Complaint arise out of Shelter's Automobile Insurance Policy (the

17    "Policy") [Dkt. No. 15-7], Policy Number 03-1-10306524-5, issued to Mozamel Hawk, the named

18    insured and resident of West Helena, Arkansas, which lists Plaintiff, his son, as an Additional Listed

19    Insured.  Policy at 1; Complaint ¶¶ 7–8.  Shelter's listed agent was also located in West Helena,

20    Arkansas.  Policy at 1.  The Policy provided Underinsured Motorists Coverage benefits to Plaintiff if

21    a covered vehicle was involved in a collision with an underinsured motorist.  Policy at 1, 5–7;

22    Complaint ¶¶ 7–8.

23           On or about December 23, 2020, Mirza alleges he was involved in a motor vehicle collision

24    in the County of Los Angeles, while driving a 2020 Jeep Wrangler covered by the Policy, in which

25    he sustained bodily injuries.  Complaint ¶ 10.  In October 2021, Mirza reached a settlement with the

26    other driver involved in the collision for $15,000, the driver's minimal policy limit.  *Id.* ¶ 13.

27           Mirza alleges that his economic damages for past and future medical treatment exceeds

28    $100,000.00, and that the total value of his loss exceeds $300,000.00.  *Id.* ¶ 12.  In November 2021,

he made a policy limits demand to Shelter for underinsured motorist benefits, including uncompensated damages. *Id.* ¶ 14. With his demand, Mirza submitted evidence that his uncompensated damages allegedly exceeded the $100,000.00 of available coverage under the Underinsured Motorist Benefits in the Policy. *Id.* Mirza alleges that Shelter failed to investigate the loss adequately, retained biased and unqualified individuals to investigate his medical expenses, failed to fully inquire into all possible bases that might support Plaintiff's claim, ignored evidence that supported coverage, and sought ways to not pay the claim promptly and thoroughly. *Id.* ¶ 17.

The action was removed to this federal court on March 22, 2023, on the basis of diversity jurisdiction ("Notice of Removal") [Dkt. 15-3]. Shelter stated that for diversity purposes, Mirza is a resident of California and Shelter is a citizen of Missouri, where its primary place of business is located. Notice of Removal ¶ 3; Complaint ¶¶ 1–2. The amount in controversy also exceeded the sum of $75,000.00, which allowed the action to be "properly removable pursuant to U.S.C. § 1441(a) and (b). Notice of Removal ¶ 3; Complaint ¶ 12.

Shelter's Motion was then filed on April 27, 2023, seeking to dismiss Mirza's complaint based on improper venue pursuant to Rule 12(b)(3). Shelter seeks to enforce a forum selection clause contained in the insurance contract that governed the coverage, which requires "[a]ny legal action against us seeking coverage or payments must be brought in the state of Arkansas." The clause further states that "[i]n any legal action against us, this policy and its binder are to be interpreted according to the laws of the state of Arkansas." Policy at 7.

**III.    LEGAL STANDARD**

Parties may move to dismiss an action pursuant to Rule 12(b)(3) for "improper venue." Rule 12(b)(3). Plaintiff carries the burden of proving that the chosen forum is proper. *Life Alert Emergency Response, Inc. v. MedScope Am. Corp.*, 2009 WL 10674028, at *2 (C.D. Cal. Aug. 5, 2009); *see also Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). "The appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*," under 28 U.S.C. § 1404(a). *Atlantic Marine Const.*

3

1   *Co. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 60 (2013).[1]  If dismissal under *forum*

2   *non conveniens* is appropriate, the Court need not address other grounds for dismissal.  *See Fine v.*

3   *Cambridge Int'l Sys.*, 584 Fed. Appx. 695, 696 (9th Cir. Aug. 27, 2014) (citing *Sinochem Int'l Co.*

4   *Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007)).

5   **IV.   DISCUSSION**

6          **A.  Venue**

7          Defendant Shelter seeks dismissal of this action pursuant to Rule 12(b)(3).  Shelter points to

8   28 U.S.C. § 1406(a) as authority, which states that "[f]or the convenience of parties and witnesses, in

9   the interest of justice, a district court may transfer any civil action to any other district or division

10  where it might have been brought."  28 U.S.C. § 1406(a).  But the Supreme Court in *Atlantic Marine*

11  clarified that "[s]ection 1406(a) and Rule 12(b)(3) allow dismissal only when venue is 'wrong' or

12  'improper.'" 571 U.S. at 55.  And the *Atlantic Marine* court "conclu[ded] that venue is proper so

13  long as the requirements of § 1391(b) are met, irrespective of any forum selection clause."  *Id.* at 57.

14         As a preliminary matter, the Court finds the 28 U.S.C.A. § 1391(b) is satisfied, as the Central

15  District, and the Los Angeles County state court, are appropriate venues.  Both are judicial districts

16  where "a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C.A.

17  § 1391(b)(2); *see* Complaint ¶ 10 ("motor vehicle accident that occurred … in the County of Los

18  Angeles").  Venue is proper here because the case was filed in a state court within this district and

19  then removed to federal court.  28 U.S.C. § 1441(a); *see, e.g., Stability Sols., LLC v. Medacta USA,*

20  *Inc.*, 2023 WL 350546, at *3 (N.D. Cal. Jan 20, 2023) (rejecting Rule 12(b)(3) dismissal of removal

21  case and but transferring case to another federal court under § 1404(a)); *see also Rowen v.*

22  *Soundview Commc'ns, Inc.*, 2015 WL 899294, at *3 n.1 (N.D. Cal. Mar. 2, 2015) (finding § 1391

23  was satisfied in a removal action because "a substantial part of the events occurred in the Northern

24  District of California").

25          But this does not mean that the action should stay in this district.  While "a forum-select

26

---

27  [1] The court acknowledges that Defendant relies on an incorrect legal standard.  Motion at 5.  To determine whether this matter should be transferred to Arkansas, the appropriate legal standard is 28 U.S.C. § 1404(a).  *See Atlantic Marine*

28  *Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas,* 571 U.S. 49, 60 (2013).

clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a)" and the doctrine of *forum non conveniens*. *See Atlantic Marine*, 571 U.S. at 59–61. And here, where "parties are first given the opportunity to present their views on the issues," there is a "long-approved practice of permitting a court to transfer a case *sua sponte* under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a)." *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986);[2] *accord Marth v. Innomark Commc'ns LLC*, 2017 WL 3081684, at *2 (C.D. Cal. Apr. 19, 2017), *see also Dudash v. Varnell Struk & Assoc., Inc.,* 2004 WL 2623903, at *4 (N.D. Cal. Nov. 16, 2004) ("Despite defendant's failure to move for transfer pursuant to this provision, the court can order such a transfer sua sponte here.").

### B. Forum Selection Clause

The parties contest the application of the forum selection clause, specifically whether it mandates venue in Arkansas, or merely permits it. Mirza argues that the clause is "permissive" and thus does not clearly require exclusive jurisdiction in a different forum. Opp. at 8.

Courts in the Ninth Circuit apply federal law in their interpretation of forum selection clauses. *See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). When "interpret[ing] a contract under federal law, we look for guidance to general principles for interpreting contracts." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009) (quoting *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999)). "Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself. Whenever possible, the plain language of the contract should be considered first." *Id.* (internal quotations omitted).

The clause states in relevant part: "Any legal action against us seeking coverage or payments

---

[2] Both parties were given an opportunity to present their views on the Section 1404 transfer issue. Mirza directly addressed the § 1404 standard. *See* Opp at 13–15 ("the § 1404(a) factors … weigh heavily in favor of litigating in the Central District of California"). While Shelter did not specifically mention § 1404 in its Reply, it briefed the key issues involved in a § 1404 analysis involving a forum selection clause—the validity of the forum selection clause and public policy considerations. *See* Reply at 10 ("the relevant factors weigh in favor of transferring this case to the proper venue, Arkansas. Crucially, the forum selection clause is not unreasonable, as it was not the product of fraud, will not deprive Plaintiff of his day in court in the proper venue, and does not contravene strong public policy").

1   must be brought in the state of Arkansas.  In any legal action against us, this policy and its binder are

2   to be interpreted according to the laws of the state of Arkansas."  Policy at 7.

3         Mirza argues that the clause is analogous to the permissive clause in *Hunt Wesson Foods,*

4   *Inc. v. Supreme Oil Company*, 817 F.2d 75 (9th Cir. 1987).  Opp at 9.  The forum selection clause

5   there stated that the "laws of the State of California shall govern the validity, construction,

6   interpretation and effect of this contract.  The courts of California, County of Orange, shall have

7   jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of

8   this contract."  817 F.2d at 76.  The *Hunt Wesson Foods* court found that the "plain meaning of the

9   language is that the Orange County courts shall have jurisdiction," but that "[t]he language says

10  nothing about the Orange County courts having exclusive jurisdiction."  *Id.* at 77.  The parties'

11  "consent to the jurisdiction of the Orange County courts" "does not mean that the same subject

12  matter cannot be litigated in any other court."  *Id.*

13        Here, the forum selection clause language is meaningfully different.  The clause at issue

14  states that "[a]ny legal action … must be brought in the state of Arkansas."  Policy at 7.  This

15  language dictates the appropriate courts for any legal action, precluding all other courts from having

16  jurisdiction.  While the former language "says nothing about … exclusive jurisdiction," the latter is

17  "exclusive and mandatory.  *Hunt Wesson Foods*, 817 F.2d at 77.  In support, the *Hunt Wesson Foods*

18  court pointed out that a clause stating that "any dispute … *shall be brought* in either San Diego or

19  Los Angeles County" was exclusive and mandatory because it "mandate[d] that the designated

20  courts are the only ones which have jurisdiction."  *Id.* at 77–78 (citing *Full-Sight Contact Lens Corp.*

21  *v. Soft Lenses, Inc.*, 466 F. Supp. 71, 72 (S.D.N.Y. 1978).  The language here is nearly identical and

22  clearly provides for an exclusive forum.  *See also White Knight Yacht LLC v. Certain Lloyds at*

23  *Lloyd's London*, 407 F. Supp. 3d 931, 943–44 (S.D. Cal. 2019) (finding that a forum selection clause

24  that stated that "[t]his insurance is subject to the law and practice of England and Wales and to the

25  exclusive jurisdiction of the Courts of England and Wales" was "mandatory language" that

26  designated the Courts of England and Wales as the courts with "exclusive jurisdiction" over the

27  policy).  Thus, the Court finds that the forum selection clause is mandatory and encompasses

28  Plaintiff's claims against Shelter.

1          **C.  Enforcement**

2          "For the convenience of parties and witnesses, in the interest of justice, a district court may

3   transfer any civil action to any other district or division where it might have been brought."  28

4   U.S.C. § 1404(a).  "When the parties have agreed to a valid forum-selection clause, a district court

5   should ordinarily transfer the case to the forum specified in that clause."  *Atlantic Marine Const. Co.*,

6   571 U.S. at 62.  The "plaintiff must bear the burden of showing why the court should not transfer the

7   case to the forum to which the parties agreed."  *Id.* at 64.  Plaintiff's subsequent choice of forum

8   "merits no weight" in determining enforcement.  *Id.* at 63.

9          In his briefing, Plaintiff Mirza points to factors to consider outlined in *Jones v. GNC*

10  *Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000), which include the location of where the

11  agreements were negotiated and executed, the state most familiar with the governing law, plaintiff's

12  choice of forum, respective parties' contacts with the forum, the contacts relating to the plaintiff's

13  cause of action in the chosen forum, the differences in the costs of litigation in the two forums, the

14  availability of compulsory process to compel attendance of unwilling non-party witnesses, and the

15  ease of access to sources of proof.  These factors divide largely into private interests of the parties

16  and public interests.  The *Atlantic Marine* court ruled that all factors relating to the private interests

17  of the parties (such as the "relative ease of access to sources of proof; availability of compulsory

18  process for attending of unwilling, and the cost of obtaining attendance of willing, witnesses;

19  possibility of view of premises, if view would be appropriate to the action; and all other practical

20  problems that make trial of a case easy, expeditious and inexpensive") "weigh entirely in favor of

21  the preselected forum."  571 U.S. at 62 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241

22  n.6 (1981)); *id.* at 64.  Most of the concerns detailed by Plaintiff, like the locations of the witnesses,

23  subrogated insurer, medical treatment, and medical providers, are private interests, and do not affect

24  the analysis.  Opp. at 14–15.

25         The factors relating to the public interests (such as "the administrative difficulties flowing

26  from court congestion; the local interest in having localized controversies decided at home; [and] the

27  interest in having the trial of a diversity case in a forum that is at home with the law") "will rarely

28  defeat a transfer motion."  *Id.* at 62 n.6, 64.  Because the forum-selection clause "represents the

1   parties' agreement as to the most proper forum," "the practical result is that forum-selection clauses

2   should control except in unusual cases." *Id.* at 63, 64.

3          The public interest factors do not provide any compelling reasons to keep the action in this

4   district.  Plaintiff failed to present any evidence to suggest that Arkansas's courts are congested or

5   that this action cannot proceed efficiently in that forum.  To the contrary, this action involves an

6   insurance policy negotiated in Arkansas, by Arkansas residents, and applying Arkansas law.

7   Enforcing the forum selection clause does not contravene the public interest.

8                    **D. Enforcement Exceptions**

9          There are three "exceptional reasons or extraordinary circumstances in which courts should

10  not give controlling weight" to a valid forum selection clause:

11         [A] forum selection clause [is] controlling unless the plaintiff ma[kes] a strong

12         showing that: (1) the clause is invalid due to "fraud or overreaching," (2)

13         "enforcement would contravene a strong public policy of the forum in which suit is

14         brought, whether declared by statute or by judicial decision," or (3) "trial in the

15         contractual forum will be so gravely difficult and inconvenient that [the litigant] will

16         for all practical purposes be deprived of his day in court."

17  *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (fourth

18  alteration in original) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 18

19  (1972)).

20         The Court finds that these three enforcement exceptions do not apply here.

21         First, no allegations have been made as to fraud or overreaching.  Second, enforcement of the

22  clause would not contravene a strong public policy of the forum where the suit was brought.

23  Plaintiff argues that the forum selection clause is invalid because enforcement would contravene

24  California public policy.  Opp. at 15.  The Court disagrees.  "Given the strong federal policy in favor

25  of enforcing forum-selection clauses, a plaintiff must show more than the forum state's mere interest

26  in adjudicating certain claims." *Socialcom, Inc. v. Arch Ins. Co.*, 2020 WL 6815039, at *3 (C.D. Cal.

27  July 7, 2020) (citing *Yei A. Sun*, 901 F.3d at 1090).  Rather, a "plaintiff must point to a statute or

28  judicial decision that *clearly states* such a strong public policy." *Yei A. Sun*, 901 F.3d at 1090

                                                     8

(emphasis added).  Plaintiff argues that enforcing the forum selection clause would contravene California's "significant interest in assuring that injuries and losses suffered in the state are afforded insurance coverage" and "interests in encouraging fair claims handling practices and holding insurers answerable for bad faith practices.…"  Opp. at 15.  But no California state laws are cited. Plaintiff's only cited support is *Watson v. Employers Liability Corp.*, 348 U.S. 66, 67–68 (1954), which involved a dispute around a "no action" clause, not a forum selection clause, and the differences in legal standards between the state where the accident happened and the states where the contract were negotiated and issued.  Plaintiff points to no statute or judicial decision that clearly states that California has a public policy of invalidating forum selection clauses to ensure that cases are adjudicated in the states where the accidents occurred.  The named insured of the Policy is a resident of Arkansas, and the agent for Shelter listed on the Policy is a resident of Arkansas.  Policy at 1.  It is reasonable for a car insurance policy purchased in Arkansas by an Arkansas resident from an Arkansas agent to be governed by Arkansas law and adjudicated in Arkansas courts.

Third, trial in Arkansas courts would not practically deprive Plaintiff of his day in court. Mirza does not point to any evidence that his claims would be barred in Arkansas.  Like the *Yei A. Sun* court explained, "[w]e disagree that [Plaintiff] would be unable to obtain any relief" in an Arkansas court.  901 F.3d at 1092.  While potentially inconvenient, transfer to an Arkansas court does not constitute an "extraordinary circumstance" that would prevent Plaintiff from having his rights vindicated.  *Yei A. Sun*, 901 F.3d at 1088; s*ee also Trosper v. Synthes USA Sales, LLC*, 2013 U.S. Dist. LEXIS 83626, at *11–12 (C.D. Cal. June 12, 2013) ("courts have routinely rejected the notion that the expense or inconvenience of prosecuting an action in the designated forum rises to the level of depriving one of one's day in court") (citing cases).

### E.  Transfer

Defendants seek dismissal of this action based on Rule 12(b)(3) and 28 U.S.C. § 1406(a). Motion at 5.  However, the Supreme Court in *Atlantic Marine* clarified that "[s]ection 1406(a) and Rule 12(b)(3) allow dismissal only when venue is 'wrong' or 'improper,'" 571 U.S. at 55, and, since "a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under §

9

1404(a)" under the doctrine of *forum non conveniens*, *see id.* at 59–61. Parties "present[ed] their views on the issues," and thus this Court can "transfer a case *sua sponte* under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a)." *Costlow*, 790 F.2d at 1488 (9th Cir. 1986).

Having found the forum selection clause valid and enforceable and because Mirza has not otherwise met his burden "of establishing that transfer is unwarranted" by setting forth "extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer," *See Gemeni Techs., Inc. v. Smith v. Wesson Corp.*, 931 F.3d 911, 913 (9th Cir. 2019) (internal quotations omitted) (citing *Atlantic Marine*, 571 U.S. at 52, 63–64), the Court will *sua sponte* transfer this action to the Eastern District of Arkansas where the policyholder resides and where the policy was purchased. *Accord Bur-Tex Hosiery Inc. v. World Tech Toys Inc.*, 2023 WL 3267752, at *6 (C.D. Cal. Apr. 20, 2023), *reconsideration denied*, 2023 WL 4680333 (C.D. Cal. June 6, 2023).

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's motion to dismiss the case.

However, the Court concludes that the forum selection clause in the policy at issue does apply to Plaintiff's claims and mandates venue in the state of Arkansas. To that end, the court *sua sponte* **TRANSFERS** this action to the United States District Court, Eastern District of Arkansas.


**IT IS SO ORDERED.**

Dated:    September 28, 2023

_____
Hernán D. Vera
United States District Judge